**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-7621**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN DALEY STRASSINI,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (3:97-cr-00054; 3:98-cr-00220; 3:03-cv-00550)

Submitted: November 15, 2006          Decided:November 27, 2006

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John Daley Strassini, Appellant Pro Se.  Karen Elise Eady, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Daley Strassini seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on November 7, 2005. The notice of appeal was filed on September 8, 2006.* In the notice of appeal, Strassini stated that he did not receive notice of the district court's order denying his § 2255 motion until August 25, 2006, and the district court determined that his appeal was therefore timely. Under Rule 4(a)(6), however, the district court may only reopen an appeal period if the motion

*For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

to reopen is filed within the earlier of 180 days after the entry of the order appealed, or within seven days after the appellant's receipt of notice of the entry of the order. In this case, Strassini's notice of appeal, construed as a motion to reopen the appeal period, was not filed within 180 days of the entry of the district court's order, and was filed nine days after Strassini received notice of that order. The district court therefore incorrectly concluded that Strassini's notice of appeal was timely, as the court did not have authority to reopen the appeal period. Because Strassini failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED